UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CMP, LLC | CIVIL ACTION |
| VERSUS | NO. 24-2298 |
| BOARD OF COMMISSIONERS FOR THE LAFITTE AREA INDEPENDENT LEVEE DISTRICT | SECTION: D (1) |

### ORDER AND REASONS

Before the Court is a Motion on Behalf of Plaintiff, CMP, LLC to have Requests for Admission Deemed Admitted Pursuant to FRCP Rule 36, filed by Plaintiff CMP, LLC ("CMP").[1] Defendant Board of Commissioners for the Lafitte Area Independent Levee District ("LAILD") opposes the Motion,[2] and CMP has filed a Reply.[3] After careful consideration of the parties' memoranda, the record, and the applicable law, the Court **DENIES** the Motion.

### I.  FACTUAL AND PROCEDURAL BACKGROUND

For the sake of convenience, the Court will provide the factual background solely as it pertains to the instant Motion.

This Motion pertains to an ongoing discovery dispute. LAILD initially propounded discovery upon CMP on February 7, 2025.[4] Having received no response by the end of the thirty day deadline imposed by the Federal Rules of Civil Procedure,

---

[1] R. Doc. 48. CMP filed a Motion on Behalf of Plaintiff, CMP, LLC, to Have Requests for Admission Deemed Admitted Pursuant to FRCP Rule 36, and for Partial Summary Judgment Related to Issue of Liability Pursuant to FRCP Rule 56. R. Doc. 48. The Court, however, finds that CMP's Motion for Partial Summary Judgment is more appropriately adjudicated in a separate order and reasons. Therefore, this Order and Reasons solely addresses CMP's Motion to Have Requests for Admission Deemed Admitted Pursuant to FRCP Rule 36.
[2] R. Doc. 51.
[3] R. Doc. 55.
[4] R. Doc. 51 at p. 4.

1

LAILD notified CMP on March 25, 2025 that a motion to compel would be filed unless it received discovery responses.[5] CMP requested a ten-day extension until April 4, 2025 to file its discovery responses.[6] LAILD agreed to such extension, but CMP failed to provide its discovery responses by April 4, 2025.[7]

On April 10, 2025, CMP advised LAILD that it should have its discovery responses sent to LAILD by April 16, 2025.[8] On the same day, April 10, 2025, CMP propounded discovery upon LAILD in the form of Interrogatories, Requests for Production, and Requests for Admission ("RFAs").[9] The RFAs are as follows:

### REQUESTS FOR ADMISSIONS

Pursuant to Rule 36 of the Federal rules of Civil Procedure, CMP requests that Defendant admit or deny each of the following, individually and under oath:

**REQUEST FOR ADMISSION NO. 1:**
You did not give Plaintiff notice of the Project, the proposed appropriation associated with the Project, or any Resolution associated with the proposed appropriation associated with the Project, prior to your entering onto CMP's Property and commencing excavation and/or construction activities associated with the Project.

***

**REQUEST FOR ADMISSION NO. 2:**
You did not give Plaintiff notice by certified mail that CMP's Property would be used or appropriated for activities relating to the Project prior to your entrance onto CMP's Property.

***

---

[5] *Id.*
[6] *Id.*
[7] *Id.*
[8] *Id.*
[9] R. Doc. 48-1 at p. 4.

2

**REQUEST FOR ADMISSION NO. 3:**
You did not give Plaintiff prior notice of your intended entrance onto CMP's Property to conduct activities associated with he [sic] Project.

***

**REQUEST FOR ADMISSION NO. 4:**
You did not file a Petition for Expropriation regarding CMP's Property.

***

**REQUEST FOR ADMISSION NO. 5:**
You did not file any legal petition, injunction or motion for relief relating to CMP's Property with a court of competent jurisdiction prior to entering CMP's Property.

***

**REQUEST FOR ADMISSION NO. 6:**
You are not the current owner of CMP' s Property.

***

**REQUEST FOR ADMISSION NO. 7**
You physically entered onto CMP' s Property to perform work relating to the Project in May of 2024.

***

**REQUEST FOR ADMISSION NO. 8**
On August 22, 2024, by a unanimous vote of Commissioners in attendance you adopted Resolution 495, authorizing the Lafitte Area Independent Levee District to adopt a resolution providing for the appropriation under the constitution and laws of the State of Louisiana of lands, easements, servitudes and rights-of-way required for construction of the Rosethorne Tidal Protection Project Phase 2, Jefferson Parish, Louisiana, as shown on a Map dated August 8, 2024, which included CMP's Property.

***

**REQUEST FOR ADMISSION NO. 9:**

You have never been given permission by Plaintiff to enter CMP's Property.

***

**REQUEST FOR ADMISSION NO. 10:**
You were not the owner of CMP's Property when you entered CMP's Property.

***

**REQUEST FOR ADMISSION NO. 11:**
You have not offered to, or negotiated with Plaintiff for, any payments, compensation, monies, or anything of value before you entered onto CMP's Property.

***

**REQUEST FOR ADMISSION NO. 12:**
You have not offered Plaintiff any payments, compensation, monies, or anything of value at any time relating to this Project.

***

**REQUEST FOR ADMISSION NO. 13:**
You have not offered Plaintiff any payments, compensation, monies, or anything of value relating to the damages you caused to CMP's Property or the value of CMP's Property you have allegedly taken, appropriated, physically invaded occupied in connection with the Project.

***

**REQUEST FOR ADMISSION NO. 14:**
You have not paid Plaintiff any amount of compensation for CMP's Property you have allegedly taken, appropriated or physically invaded or occupied, or for the damages you caused to CMP's Property, in connection with the Project.

***

**REQUEST FOR ADMISSION NO. 15:**
You have never projected, calculated, set aside, allocated, or appropriated funds, or, requested funds from CPRA or the State, to compensate Plaintiff for CMP's Property allegedly taken, appropriated

or physically invaded or occupied, or damaged, in connection with the Project.

***

**REQUEST FOR ADMISSION NO. 16:**
You have physically invaded and/or are currently occupying CMP's Property.

***

**REQUEST FOR ADMISSION NO.17:**
You instructed contractors working for you or on your behalf to physically invade CMP's Property and commence activities associated with the Project.

***

**REQUEST FOR ADMISSION NO. 18:**
Your materials and equipment relating to the Project are currently located on CMP's Property.

***

**REQUEST FOR ADMISSION NO. 19:**
The area of CMP's Property where your work associated with the Project has taken place and/or is being conducted does not include the shores of navigable rivers.

***

**REQUEST FOR ADMISSION NO. 20:**
The area of CMP's Property where your work associated with the Project has taken place and/or is being conducted does not include an alignment approved by the U.S. Army Corps of Engineers.

***

**REQUEST FOR ADMISSION NO. 21:**
Your work associated with the Project which has taken place and/or is being conducted on CMP's Property does not include the repairing of hurricane protection levees.

***

5

**REQUEST FOR ADMISSION NO. 22:**
Upon the completion of the Project, you have never determined the actual amount, extent or surface area of the temporary servitudes, construction servitudes or easements You used or occupied on CMP's Property during or in connection with the Project.

\*\*\*

**REQUEST FOR ADMISSION NO. 23:**
The levee associated with the Project was constructed on top of an existing levee on CMP's property.[10]

On April 30, 2025, LAILD requested an extension until May 16, 2025 to respond to the RFAs.[11] CMP agreed to the extension.[12] In the interim, CMP and LAILD had "verbal discussions" regarding mutual discovery extensions, which included an indefinite, informal agreement to extend the deadline for all discovery responses for both parties.[13] CMP and LAILD operated under this indefinite, informal extension up and until June 26, 2025, when the parties participated in a telephone conversation.[14] During the call, the parties agreed that in light of the Court's Scheduling Order setting a June 27, 2025 deadline for Plaintiff to file its expert reports,[15] they both needed to provide their respective discovery responses.[16] The next day, on June 27, 2025, CMP provided its expert reports along with its

---

[10] R. Doc. 48-2 at pp. 4–9.
[11] R. Doc. 48-1 at p. 5.
[12] *Id.*
[13] R. Doc. 51 at p. 4.
[14] *Id.* at p. 5.
[15] R. Doc. 28 was the Court's operating Scheduling Order at the time. The Scheduling Order has since been amended. *See* R. Docs. 37 and 39.
[16] R. Doc. 51 at p. 5.

response to LAILD's discovery requests.[17] LAILD provided its responses to the RFAs on the morning of June 28, 2025.[18]

On August 6, 2025, CMP filed the instant Motion to have Requests for Admission Deemed Admitted.[19] CMP seeks to have the all the RFAs deemed admitted against LAILD.[20] CMP specifically alleges that LAILD failed to timely respond on June 27, 2025.[21] Moreover, CMP claims that:

> Only after CMP provided its expert reports, the Board provided its untimely responses, categorically denying and/or objecting to each Request. Whether by design or neglect, the Board through its untimely responses due over a month ago, has effectively 'sandbagged' CMP on core factual issues which has severely prejudiced CMP's case, given the fact that discovery ends on July 29, 2025. CMP therefore seeks to have its Requests for Admission to the Board deemed admitted for use in support of its Motion for Partial Summary Judgment. Otherwise, the Board will have not only been allowed to flaunt the law related to appropriation, but the Federal Rules of Procedure as well.[22]

LAILD opposes the Motion.[23] LAILD first asserts that:

> Contrary to Plaintiff's representations, the parties through various emails and verbal discussions had mutual continuous agreements to indefinitely extend response times throughout the two and a half months between when the Requests for Admissions were served and the Responses were submitted. LAILD relied upon these mutually beneficial agreements in good faith and believed that counsel were cooperating in the discovery process to help either resolve the jurisdictional issues previously raised and/or resolve the matter. It is that same good faith reliance that Plaintiff now seeks to use to LAILD's detriment and/or prejudice LAILD. The facts laid out *infra* along with the attached exhibits combine to outline the agreements for the Court. Based upon

---

[17] *Id.*; R. Doc. 48-1 at p. 5.
[18] R. Doc. 51 at p. 5; R. Doc. 48-1 at p. 5.
[19] R. Doc. 48.
[20] R. Doc. 48-1 at p. 3.
[21] *Id.*
[22] *Id.* (citation modified).
[23] R. Doc. 51.

the agreements of counsel, LAILD maintains that Plaintiff's Motion should be denied.[24]

However, in the alternative that the Court grants CMP's Motion, LAILD asks the Court to "permit withdrawal or amendment under FRCP 36(b) as it would promote the presentation of the merits of the action and to not do so would prejudice LAILD."[25]

In sum, LAILD believes that:

> The parties had mutual continuous agreements to extensions of time to respond to discovery. The agreements were both in writing and verbal and included Plaintiff's Requests for Admissions. LAILD relied upon these agreements in good faith and answered the RFAs timely as it relates to those agreements. As such, Plaintiff's motion should be denied. However, as outlined *infra,* if this Court determines that the RFAs were admitted then LAILD asks the Court to permit withdrawal or amendment under FRCP 36(b) as it would promote the presentation of the merits of the action and to not do so would prejudice LAILD.[26]

In its Reply memorandum, CMP does not address the instant Motion.[27]

## II. LEGAL STANDARD

Fed. R. Civ. P. 36 provides the governing framework for requests for admission. Specifically, Fed. R. Civ. P. 36(a)(3) states that:

> A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney. A shorter or longer time for responding may be stipulated to under Rule 29 or be ordered by the court.[28]

---

[24] *Id.* at pp. 6–7.
[25] *Id.* at p. 7.
[26] *Id.* at p. 9.
[27] CMP's Reply memorandum only addresses the second part of its original motion – for Partial Summary Judgment Related to Issue of Liability Pursuant to FRCP Rule 56. *See supra* note 1; R. Doc. 55.
[28] Fed. R. Civ. P. 36(a)(3).

Governing potential withdrawal or amendment of an admission, Fed. R. Civ. P. 36(b) provides that:

> A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended. Subject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits. An admission under this rule is not an admission for any other purpose and cannot be used against the party in any other proceeding.[29]

Cross-referenced in Fed. R. Civ. P. 36(b), Fed. R. Civ. P. 16(e) states that "[t]he court may hold a final pretrial conference to formulate a trial plan, including a plan to facilitate the admission of evidence. The conference must be held as close to the start of trial as is reasonable, and must be attended by at least one attorney who will conduct the trial for each party and by any unrepresented party. The court may modify the order issued after a final pretrial conference only to prevent manifest injustice."[30]

## III. ANALYSIS

CMP seeks to have the RFAs deemed admitted against LAILD for the purposes of its Motion for Summary Judgment based on the premise that LAILD submitted its discovery responses on June 28, 2025 – one day beyond the June 27, 2025 deadline.[31] LAILD, in turn, asserts that it did not provides its responses to the RFAs untimely.[32] Even if so, according to LAILD, the Court should permit withdrawal or amendment

---

[29] Fed. R. Civ. P. 36(b).
[30] Fed. R. Civ. P. 16(e).
[31] R. Doc. 48-1 at p. 5.
[32] R. Doc. 51 at p. 9.

pursuant to Fed. R. Civ. P. 36(b) and the failure to do so would prejudice LAILD.[33] For the reasons set forth below, the Court grants LAILD leave of Court to file a motion to withdraw or amend its admissions.

"Any requests for admissions not answered or objected to within the thirty (30) days allotted are deemed admitted as a matter of law."[34] "Because Rule 36(a)(3) is self-executing, a court order deeming the request[s] admitted is unnecessary."[35] And "once the time to respond has passed, the matter, absent an objection, is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended."[36]

Importantly, however, the Fifth Circuit has "stressed that a deemed admission can only be withdrawn or amended by motion in accordance with Rule 36(b). In order to allow withdrawal of a deemed admission, Rule 36(b) requires that a trial court find that withdrawal or amendment: 1) would serve the presentation of the case on its merits, but 2) would not prejudice the party that obtained the admissions in its presentation of the case. Even when these two factors are established, a district court still has discretion to deny a request for leave to withdraw or amend an admission."[37]

---

[33] *Id.*

[34] *Ivy v. Tran*, Civil Action No. 20-1475, 2021 WL 7906843, at *2 (E.D. La. Feb. 4, 2021)(Roby, M.J.)(citing *Murrell v. Casterline*, 307 F. App'x 778, 780 (5th Cir. 2008)).

[35] *McCullum v. Turner*, CIVIL ACTION NO. 3:22-CV-107-CWR-ASH, 2025 WL 2977098, at *1 (S.D. Miss. Oct. 21, 2025)(Harris, M.J.)(citation modified).

[36] *Id.* (citation modified); *see also Temple v. State Farm Fire and Casualty Company*, CIVIL ACTION NO: 09-6578, 2010 WL 11545198, at *2 (E.D. La. June 8, 2010)(Roby, M.J.)("Rule 36 is self-executing, therefore, State Farm's requests for admissions were deemed admitted by default 30 days after the service of its requests.").

[37] *In re Carney*, 258 F.3d 415, 419 (5th Cir. 2001) (citation modified) (citing *American Auto. Ass'n (Inc.) v. AAA Legal Clinic of Jefferson Crooke, P.C.*, 930 F.2d 1117, 1120 (5th Cir. 1991)(finding district court may not *sua sponte* allow for the withdraw or amendment of admissions)).

Here, assuming there was an agreement between the parties establishing a June 27, 2025 deadline for LAILD's RFAs responses, LAILD's failure to timely respond to CMP's RFAs resulted in an admission as to those facts as an operation of law.[38] Thus, the instant Motion is unnecessary and is denied as moot. But the Court's analysis does not end here. Next, LAILD asks the Court to "use its discretion and allow LAILD to move to withdraw and/or amend its admissions based on FRCP 36(b) in the interest of fairness as no prejudice has occurred and to promote the presentation of the merits of the action."[39]

LAILD's request, in the format of an opposition brief, is insufficient for the Court to amend or withdraw LAILD's admissions. The Fifth Circuit is clear that a district court may not *sua sponte* withdraw or amend admissions under Fed. R. Civ. P. 36.[40] Instead, the party seeking withdrawal or amendment must make such a request via motion, as opposed to a mere statement in an opposition memorandum.[41] The Court, however, finds that good cause exists to grant LAILD leave of court to file a motion to withdraw or amend its admissions due to the severity of the facts deemed admitted and the potential impact the admissions may have on the pending Motion for Partial Summary Judgment Related to Issue of Liability Pursuant to FRCP Rule 56.[42] Further, at the pretrial conference held in this matter in which this was discussed, CMP failed to show any prejudice to allowing LAILD to file a motion to

---

[38] The Court notes, however, that the record is unclear as to whether there was an agreement between the parties establishing a June 27, 2025 deadline for LAILD's RFAs responses.
[39] R. Doc. 51 at p. 4.
[40] *See In re Carney*, 258 F.3d at 419.
[41] *Id.*
[42] *See* R. Doc. 48.

11

amend its admissions. Therefore, although the instant Motion is denied as moot, LAILD may move to amend or withdraw its admissions within the timeframe set forth below.

### IV.   CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that the Motion is **DENIED as moot.**

**IT IS FURTHER ORDERED** that LAILD shall have until **Monday, December 22, 2025** to file a motion, if any, for leave, to amend or withdraw its admissions. Any memorandum in opposition, if necessary, from CMP shall be filed by **Tuesday, December 30, 2025. No reply briefs will be allowed.**

New Orleans, Louisiana, December 16, 2025.

*Wendy B. Vitter*
**WENDY B. VITTER**
**United States District Judge**