UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CMP, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-2298** |
| **BOARD OF COMMISSIONERS FOR THE LAFITTE AREA INDEPENDENT LEVEE DISTRICT** | **SECTION: D (1)** |

ORDER AND REASONS

Before the Court is a Motion to Withdraw or Amend Responses to Requests for Admissions, filed by Defendant Board of Commissioners for the Lafitte Area Independent Levee District ("LAILD").[1] Plaintiff CMP, LLC ("CMP") opposes the Motion.[2] After careful consideration of the parties' memoranda, the record, and the applicable law, the Court **GRANTS** the Motion.

I. FACTUAL AND PROCEDURAL BACKGROUND

The instant matter emanates from a discovery dispute, in which the Court has previously detailed the factual background at length pertaining to the underlying Requests for Admissions ("RFAs") propounded by CMP to LAILD and LAILD's June 28, 2025 responses thereto.[3] The Court therefore only provides the factual and procedural background as it pertains to the instant Motion.

On December 17, 2025, this Court denied as moot CMP's Motion to have RFAs deemed admitted, acknowledging that LAILD's June 28, 2025 responses to CMP's RFAs were untimely and thus resulted in an admission as to those facts as an

---

[1] R. Doc. 98.
[2] R. Doc. 99. LAILD did not file a reply brief in support of the instant Motion.
[3] *See* R. Doc. 96.

1

operation of law.[4] The Court, however, found that good cause existed to grant LAILD leave of court to file a motion to withdraw or amend its admissions due to the severity of the facts deemed admitted and the impact the admissions may have on the pending Motion for Partial Summary Judgment Related to Issue of Liability Pursuant to FRCP Rule 56.[5]

LAILD accordingly filed the instant Motion to Withdraw or Amend Responses to Requests for Admissions on December 22, 2025.[6] As an initial matter, LAILD advises the Court that it submitted supplemental responses to its untimely responses to CMP's RFAs on August 21, 2025.[7] LAILD specifically provides that "[a]fter the discovery of evidence, both through documents and testimony, that goes to the merits of this case, as well as pertain to several of CMP's Requests for Admissions, LAILD formally supplemented its Responses to Requests for Admissions[.]"[8] Moreover, LAILD further contends that:

> [A]t the time of the original responses, LAILD had undergone member changes in its Board of Directors and its employed staff. The information available at the time to LAILD was limited yet LAILD provided responses on June 28, 2025 for the reasons outlined in Rec. Doc. 51. Through the parties and third parties document productions and testimony additional facts were available to all. LAILD supplemented its Responses to Request for Admissions to reflect the evidence and information that both parties had available to them.[9]

---

[4] *Id.* at p. 11.
[5] *Id.*
[6] R. Doc. 98.
[7] R. Doc. 98-1 at p. 2.
[8] *Id.*
[9] *Id.* at p. 3.

2

Addressing its request to the Court to withdraw and/or amend its responses, LAILD first maintains that "withdrawal/amendment promotes the presentation of the merits of the case because if the initial responses are allowed to stand and/or deemed admitted (1) such mistaken responses would only serve to have the case determined not on the real merits but on information not supported by the documentary evidence; and (2) the responses were based upon mistake and lack of information at the time those were submitted."[10] Further, LAILD asserts that "Plaintiff will not be prejudiced by allowing such withdrawal or amendment as the relevant facts and documentation that was obtained, mostly from third parties, was available to Plaintiff in the discovery period, and Plaintiff had the opportunity to depose the companies/persons on those issues."[11] Thus, LAILD asks that "(1) to the extent, if any, the Court finds that CMP's Requests for Admissions are admitted due to any alleged failure to respond timely, the Court permits withdrawal of those admissions; and (2) the Court allow amendment of the responses to requests for admissions as previously served upon CMP on August 21 and is attached hereto as Exhibit B."[12]

CMP opposes the Motion.[13] CMP alleges that the underlying "facts must remain admitted, although the evidence obtained in discovery establishes the same facts. The Defendant should not be allowed at this late date to unravel obvious facts so as to evade summary judgment through nuance and sophistry to the great

---

[10] *Id.* at p. 3.
[11] *Id.* at pp. 4–5.
[12] *Id.* at p. 8.
[13] R. Doc. 99.

prejudice of CMP, which would then have to submit extensive evidence in the form of voluminous documentation and the testimony of many witnesses and incur the unnecessary expense of same."[14] Thus, according to CMP, Rule 36(b) warrants denial of the instant Motion.[15]

## II. LEGAL STANDARD

Fed. R. Civ. P. 36(b) provides:

> A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended. Subject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits. An admission under this rule is not an admission for any other purpose and cannot be used against the party in any other proceeding.[16]

"In order to allow withdrawal of a deemed admission, Rule 36(b) requires that a trial court find that withdrawal or amendment: 1) would serve the presentation of the case on its merits, but 2) would not prejudice the party that obtained the admissions in its presentation of the case."[17] Yet, "[e]ven when these two factors are established, a district court still has discretion to deny a request for leave to withdraw or amend an admission."[18]

---

[14] R. Doc. 99 at p. 5 (emphasis removed).
[15] *See id.*
[16] Fed. R. Civ. P. 36(b).
[17] *In re Carney*, 258 F.3d 415, 419 (5th Cir. 2001)(citing *American Auto. Ass'n v. AAA Legal Clinic,* 930 F.2d 1117, 1119 (5th Cir. 1991)).
[18] *In re Carney*, 258 F.3d at 419 (citing *United States v. Kasuboski,* 834 F.2d 1345, 1350 n.7 (7th Cir. 1987)).

4

### III.  ANALYSIS

LAILD asks the Court to grant its request to withdraw and/or amend its admissions pursuant to Fed. R. Civ. P. 36(b).[19] For the reasons set forth below, the Court grants LAILD's request to withdraw its admissions and substitute its August 21, 2025 supplemental responses to the RFAs in place of the deemed admissions.

"Although the court has considerable discretion to permit withdrawal or amendment, a deemed admission may only be withdrawn when the moving party satisfies the conditions set forth in Rule 36(b)."[20] Regarding the first prong of Rule 36(b), whether withdrawal or amendment would serve the presentation of the case on its merits, the Court finds that denying withdrawal would impact the presentation of the case on the merits.

Given that CMP's Motion for Partial Summary Judgment Related to Issue of Liability Pursuant to FRCP Rule 56[21] turns on the facts deemed admitted through LAILD's failure to timely respond to CMP's RFAs,[22] the Court finds that withdrawal of the deemed admissions will instead promote presentation of the merits.[23] In sum, the Court agrees with LAILD that "the merits of this case should proceed on the documentation and evidence that was produced by and to the parties and not on

---

[19] R. Doc. 98.
[20] *Le v. Cheesecake Factory Restaurant*s Inc., No. 06-20006., 2007 WL 715260, at *2 (5th Cir. Mar. 6, 2007)(citing *American Auto. Ass'n,* 930 F.2d at 1119; *Carney,* 258 F.3d at 419).
[21] R. Doc. 48.
[22] R. Doc. 96.
[23] *See Dolet Hills Lignite Co., L.L.C. v. General Electric Co.*, No. CIV.A.01–2471., 2002 WL 31115259, at *5 (E.D. La. Sept. 23, 2002)(Fallon, J.)

misinformation and mistaken responses that are contrary to and/or do not conform to the truth and reality of the documentation and evidence."[24]

Moreover, pertaining to Rule 36(b)'s second requirement, CMP will not be prejudiced by withdrawal and/or amendment. "Prejudice does not arise under Rule 36(b) simply because the party who initially obtained the admission will now have to convince the fact finder of its truth."[25] Rather, "courts have usually found that the prejudice contemplated by Rule 36(b) relates to special difficulties a party may face caused by a sudden need to obtain evidence upon withdrawal or amendment of an admission."[26]

Notedly, in an Order and Reasons being filed at the same time as this Order, the Court's ruling is based on evidence in the record, and the Court's ruling on that Motion was not impacted by the admissions.[27] In fact, the Court highlights that the August 21, 2025 supplemental responses to the RFAs provide a greater justification for its ruling.[28] CMP has not shown any prejudice, nor does the Court find that CMP is prejudiced by the withdrawal of the deemed admissions.

Accordingly, the Court finds that withdrawal of the deemed admissions would serve to promote the presentation of the merits and would not prejudice CMP. Therefore, pursuant to Rule 36(b), the Court permits LAILD to withdraw its deemed

---

[24] R. Doc. 98-1 at p. 3.
[25] *Express Lien, Inc. v. RoHillCo Business Services, LLC*, Civil Action No. 13–4889., 2014 WL 1870621, at *2 (E.D. La. May 8, 2014)(Vance, J.)(citation modified).
[26] *Le v. Cheesecake Factory Restaurants Inc.*, No. 06-20006., 2007 WL 715260, at *3 (5th Cir. Mar. 6, 2007)(citation modified).
[27] *See* R. Doc. 106.
[28] *Id.*

admissions and substitute its August 21, 2025 supplemental responses in place of its deemed admissions.

### IV.    CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that the Motion[29] is **GRANTED.**

New Orleans, Louisiana, January 22, 2026.

                                                        */s/ Wendy B. Vitter*
                                                **WENDY B. VITTER**
                                                **United States District Judge**

---

[29] R. Doc. 98.