UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CMP, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-2298** |
| **BOARD OF COMMISSIONERS FOR THE LAFITTE AREA INDEPENDENT LEVEE DISTRICT** | **SECTION: D (1)** |

## ORDER AND REASONS

Before the Court is a Motion in *Limine* to Exclude Plaintiff's Cumulative Expert Witnesses, filed by Defendant Board of Commissioners for the Lafitte Area Independent Levee District ("LAILD").[1] Plaintiff CMP, LLC ("CMP") opposes the Motion,[2] and LAILD has filed a Reply.[3] After a careful review of the parties' memoranda, the record, and the applicable law, the Court **DEFERS** ruling on the Motion.

### I.     FACTUAL AND PROCEDURAL BACKGROUND

The Court has previously detailed the factual background of this matter at length. Therefore, the Court provides the factual and procedural background solely as relevant to the instant Motion. On June 23, 2025, Plaintiff's expert arborists, Drs. Fred Fellner and Malcolm Guidry, issued a Joint Report (the "Report") outlining the loss value of the trees located on the portion of CMP's property subject to the partial taking by LAILD.[4] The Report, signed by both Drs. Fred Fellner and Malcolm Guidry, offers the following conclusion:

---

[1] R. Doc. 63.
[2] R. Doc. 73.
[3] R. Doc. 85.
[4] R. Doc. 63-4.

> Per our understanding and based upon our knowledge, education, and experience, the value of the trees removed to facilitate work to construct/modify levees and drainage work resulted in the loss of approximately 1,400 tons of bottom land pulp wood grade timber. Based upon a range of prices we chose an average market price of $12 per ton. The total loss, therefore, is calculated at 1,337.39 tons X 12 $/ton = $16,048369 [sic].[5]

On August 18, 2025, LAILD filed the instant Motion in *Limine* to Exclude Plaintiff's Cumulative Expert Witnesses.[6] LAILD contends that Drs. Fellner and Guidry "have similar expertise, experience and training, and offered the exact same opinions through their joint report. Plaintiff has indicated his intention to call both witnesses at trial. To allow multiple expert witnesses to opine on the same exact information represents a waste of the Court's time and resources, as well as impermissibly stacks witnesses to the prejudice of LAILD."[7] Thus, according to LAILD, its Motion should be granted pursuant to Fed. R. Evid. 403.[8]

CMP opposes the Motion, stating that the Motion "is meritless and should be denied."[9] CMP specifically asserts that LAILD:

> [I]mproperly seeks to prevent the trier of fact from hearing reliable, relevant expert testimony that directly addresses a central issue in this case: the valuation of mature trees destroyed or removed as a result of Defendant's expropriation. The testimony of both Mr. Fellner and Mr. Guidry is relevant and necessary to establish the Plaintiff's claims, and is admissible under FRE 401, 402, and 403. Further, the collaborative testimony of Mr. Fellner and Mr. Guidry is not otherwise precluded by any exceptions to the rules of evidence. Thus, Plaintiff respectfully submits that Defendant's Motion in Limine should be denied by this Honorable Court for the reasons set forth herein.[10]

---

[5] *Id.* at p. 3.
[6] R. Doc. 63.
[7] R. Doc. 63-1 at p. 1.
[8] *Id.* at pp. 1–4.
[9] R. Doc. 73 at p. 1.
[10] *Id.* at pp. 1–2.

LAILD has a filed a Reply in support of its Motion, in which it asks the Court to:

> [E]xercise its discretion before trial to limit the number of Plaintiff's arborists experts to testify at trial, as the report issued evidences that the opinions of Mr. Fellner and Mr. Guidry are based upon the same observations, the same analysis, the same purported facts, the same conclusions, and is therefore cumulative. Furthermore, to not exclude the cumulative evidence pre-trial prejudices LAILD in its trial preparations, as it would be unable to prepare a focused cross examination. Neither Plaintiff nor the experts have specified which expert would offer which opinions.[11]

Therefore, according to LAILD, the Court should grant its Motion.[12]

## II.   LEGAL STANDARD

According to the Fifth Circuit, the purpose of a motion in limine is to prohibit opposing counsel "from mentioning the existence of, alluding to, or offering evidence on matters so highly prejudicial to the moving party that a timely motion to strike or an instruction by the court to the jury to disregard the offending matter cannot overcome its prejudicial influence on the jurors' minds."[13] Under Federal Rule of Evidence 401, evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence, or if the fact it seeks to prove is of consequence in determining the action.[14]

While all relevant evidence is admissible, the Court may exclude relevant evidence if its probative value is substantially outweighed by danger of "unfair

---

[11] R. Doc. 85 at pp. 4–5.
[12] *Id.*
[13] *O'Rear v. Fruehauf Corp.*, 554 F.2d 1304, 1306 n.1 (5th Cir. 1977) (quotation and internal quotation marks omitted).
[14] Fed. R. Evid. 401.

3

prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."[15]  However, the Fifth Circuit has held that, "[t]he exclusion of evidence under Rule 403 should occur only sparingly."[16] Additionally, "[r]elevant evidence is inherently prejudicial; but it is only unfair prejudice, substantially outweighing probative value, which permits exclusion of relevant matter under Rule 403."[17]  District courts are afforded wide discretion in determining the relevance and admissibility of evidence under Fed. R. Evid. 401 and 402.[18]  A district court's ruling on evidentiary issues is reviewed by an appellate court for an abuse of discretion.[19]  Thus, when the district court conducts "a carefully detailed analysis of the evidentiary issues and the court's own ruling, appellate courts are chary about finding an abuse of discretion."[20]

## III.  ANALYSIS

LAILD asks the Court, pursuant to Rule 403, to preclude both Drs. Fellner and Guidry from testifying as to the Report at trial.[21] LAILD argues that either Drs. Fellner or Guidry should be permitted to testify pertaining to the Report – not both. For the reasons set forth below, the Court defers ruling on the instant Motion.

To begin with, LAILD does not seek exclusion of the experts on relevance grounds; instead, LAILD contends that the cumulative testimony of the arborists

---

[15] Fed. R. Evid. 403.
[16] *United States v. Pace*, 10 F.3d 1106, 1115-16 (5th Cir. 1993); *See United States v. Powers*, 168 F.3d 741, 749 (5th Cir. 1999) (same).
[17] *Pace*, 10 F.3d at 1115-16 (quotation omitted).
[18] *Sprint/United Management Co. v. Mendelsohn*, 552 U.S. 379, 384 (2008).
[19] *Kelly v. Boeing Petroleum Services, Inc.*, 61 F.3d 350, 356 (5th Cir. 1995).
[20] *Id.*
[21] R. Doc. 63.

4

should be excluded pursuant to Rule 403. Rule 403 provides that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."[22]

At this juncture, the Court does not have sufficient information to determine if the probative value from allowing both Drs. Fellner and Guidry to testify is substantially outweighed by the danger of the factors listed in Rule 403. The Court lacks sufficient information by way of the following unanswered questions. Did each expert have the same role in preparing the Report? Are all opinions in the Report attributable to each expert? To what extent was the Report based on Dr. Fellner's expertise, and *vice versa*? Neither party has addressed those issues and, thus, the Court is not in a position to determine whether allowing both arborists to testify would waste time or needlessly present cumulative evidence. Accordingly, the Court defers ruling on this Motion until it receives additional information at trial.[23] It will be LAILD's burden to raise this motion at the appropriate time at trial.

---

[22] Fed. R. Evid. 403.
[23] *See Johnson v. City of New Orleans*, Civil Action No: 19-12272, 2025 WL 2265699, at *2 (E.D. La. Aug. 6, 2025)(Guidry, J.)("Courts typically reserve evidentiary rulings until trial so that questions as to the evidence may be resolved in the proper context.")(internal quotation marks omitted).

## IV.     CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the Motion in *Limine* to Exclude Plaintiff's Cumulative Expert Witnesses [24] is **DEFERRED.**

New Orleans, Louisiana, January 22, 2026.

*Wendy B. Vitter*
**WENDY B. VITTER**
**United States District Judge**

---

[24] R. Doc. 63.