UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CMP, LLC                                          CIVIL ACTION

VERSUS                                            NO. 24-2298

BOARD OF COMMISSIONERS FOR THE        SECTION: D (1)
LAFITTE AREA INDEPENDENT
LEVEE DISTRICT

ORDER AND REASONS

Before the Court is a Motion to Certify Interlocutory Appeal Pursuant to 28 U.S.C. 1292(b), filed by Defendant The Board of Commissioners for the Lafitte Area Independent Levee District ("LAILD").[1] Plaintiff CMP, LLC ("CMP") opposes the Motion.[2] After careful consideration of the parties' memoranda and the applicable law, the Court **DENIES** the Motion.

I.      FACTUAL AND PROCEDURAL BACKGROUND

In a previous Order and Reasons, the Court has set forth a detailed recitation of the factual background in this matter.[3] The Court therefore provides the factual and procedural background solely as relevant to the instant Motion.

This case arises from LAILD's actions to raise an existing levee located on CMP's land in Jefferson Parish, Louisiana, prior to passing an appropriating resolution.[4] On January 22, 2026, the Court issued an Order and Reasons (the "Order and Reasons") holding that LAILD engaged in partial taking through its activities on

---

[1] R. Doc. 113.
[2] R. Doc. 114. LAILD did not file a reply brief in support of the instant Motion.
[3] *See* R. Doc. 97.
[4] R. Doc. 1.

1

CMP's land and that CMP is entitled to a judgment of liability for a constitutional partial taking under both the United States and Louisiana constitutions.[5]

On February 4, 2026, LAILD filed the instant Motion, asking the Court to certify its Order and Reasons "for interlocutory appeal pursuant to 28 U.S.C. § 1292(b)."[6] In support, LAILD submits that (1) the Order and Reasons involves a controlling question of law; (2) a substantial ground for difference of opinion exists; and (3) an immediate appeal will materially advance the ultimate termination of the litigation.[7] As to the first element, LAILD contends that the controlling legal issue is:

> Whether a governmental entity's failure to adopt a formal appropriation resolution prior to construction constitutes a taking under the Fifth and/or Fourteenth Amendments or inverse condemnation when Louisiana law holds that non compliance with the statutory appropriation procedure by a levee board does not affect the property owner's substantive rights and is directory rather than mandatory.[8]

LAILD contends that "[t]his question is controlling because it goes directly to the existence of a constitutional taking—the predicate for liability in this case."[9] Second, LAILD argues that:

> The Court's Order determined that the failure to adopt an appropriation resolution prior to construction was constitutionally dispositive, effectively elevating a state procedural requirement, which at least one Louisiana court has deemed legally immaterial, into the determinative factor for federal takings liability. LAILD respectfully avers that reasonable jurists could disagree as to whether a federal constitutional taking may be predicated on non-compliance with a state statutory procedure that state law does not treat as mandatory or substantive. This disparity between Louisiana jurisprudence and the Court's

---

[5] R. Doc. 106.
[6] R. Doc. 113-1 at p. 1.
[7] *Id.* at pp. 1–2.
[8] *Id.* at p. 2.
[9] *Id.*

> constitutional analysis presents a substantial difference of opinion on a controlling legal issue, warranting appellate review.[10]

As to the final element, LAILD asserts that "[a]bsent interlocutory review, the parties will be required to proceed through further litigation based on a constitutional determination that may later be reversed on appeal, resulting in wasted judicial and party resources. Section 1292(b) was designed to avoid such inefficiency and waste."[11] Thus, according to LAILD, its Motion should be granted.[12]

CMP opposes the Motion, arguing that LAILD "has failed to make a showing that an interlocutory appeal is available under these circumstances."[13] As to the first element, CMP contends that:

> [T]he statute which is the subject of the Board's proposed interlocutory appeal is completely irrelevant to the taking which took place, or, the question of how appropriation occurs, or, the authority for same which can only be gained by a Resolution of Appropriation, which did not happen here. Consequently, there is no "Controlling Question of Law" in play.[14]

Second, CMP argues that "there is no difference of opinion in the courts related to a non-existent exception to the well-established jurisprudential rule of law as to how appropriation authority is obtained through a Resolution of Appropriation, which must take place before a Levee Board invades private property to build a levee."[15] As to the third element, CMP submits that "[t]his case is 'nearly ready for trial' and therefore an interlocutory appeal at this time could hardly be viewed as advancing

---

[10] *Id.* at pp. 3–4.
[11] *Id.* at p. 4.
[12] *Id.*
[13] R. Doc. 114 at p. 2.
[14] *Id.* at p. 5.
[15] *Id.* at p. 6.

3

the termination of the litigation."[16] Accordingly, CMP argues that the instant Motion should be denied.[17]

## II.    LEGAL STANDARD

The Court may certify an interlocutory order for immediate appeal if it finds that: (1) the order involves a controlling question of law; (2) as to which there is substantial ground for difference of opinion; and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation."[18]  The Fifth Circuit strictly construes the requirements of 28 U.S.C. § 1292(b), and all three criteria must be met before this Court may certify an interlocutory appeal.[19] According to the Fifth Circuit, "The basic rule of appellate jurisdiction restricts review to final judgments, avoiding the delay and extra effort of piecemeal appeals.  Section 1292(b) appeals are "exceptional."[20]  Thus, "[a]n interlocutory appeal assuredly does not lie simply to determine the correctness of a judgment of liability."[21]  Further, "Interlocutory appeals represent a rarely used exception to the strong judicial policy disfavoring piecemeal appeals."[22]  "The decision to certify an interlocutory appeal is within the sound discretion of the district court."[23]

---

[16] *Id.* at p. 9 (quoting *Scott v. Ruston Louisiana Hospital Company, LLC*, Civil Action No. 16-0376, 2017 WL 1364219, at *1 (W.D. La. Apr. 12, 2017)).

[17] *Id.*

[18] 28 U.S.C. § 1292(b).

[19] *Weams v. FCA US L.L.C.*, Civ. A. No. 17-4-RLB, 2019 WL 3812222, at *1 (M.D. La. July 9, 2019) (Bourgeois, M.J.) (citing *Ala. Labor Council v. Alabama*, 453 F.2d 922, 924 (5th Cir. 1972)).

[20] *Clark-Dietz and Associates-Engineers, Inc. v. Basic Const. Co.*, 702 F.2d 67, 69 (5th Cir. 1983).

[21] *Id.* at 68.

[22] *Complaint of L.L.P.&D Marine, Inc.*, Civ. A. Nos. 97-1668, 97-2992, 97-3349, 1998 WL 113937, at *2 (E.D. La. Mar. 11, 1998) (Clement, J.) (citing *Clark-Dietz*, 702 F.2d at 69).

[23] *Complaint of L.L.P.&D Marine, Inc.*, 1998 WL 113937, at *2 (citing *Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 115 S.Ct. 1203, 131 L.Ed.2d 60 (1995)).

## III.    ANALYSIS

LAILD asks the Court to certify its Order and Reasons for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). "Section 1292(b) sets out three criteria *all* of which must be met before the district court may properly certify an interlocutory order for appeal."[24] For the reasons set forth below, the Court finds that LAILD has failed to satisfy the second and third elements of § 1292(b) and therefore declines to certify its Order and Reasons for an interlocutory appeal.

As to the second element of § 1292(b), whether there is a substantial ground for difference of opinion, a previous Section of this Court has explained that such ground exists where:

> [A] trial court rules in a manner which appears contrary to the rulings of all Courts of Appeals which have reached the issue, if the circuits are in dispute on the question and the Court of Appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented. But simply because a court is the first to rule on a question or counsel disagrees on applicable precedent does not qualify the issue as one over which there is substantial disagreement.[25]

Here, LAILD argues that a substantial ground for difference of opinion exists because the Court's Order and Reasons pertains to an issue of first impression within the Fifth Circuit and because Louisiana caselaw, of which the Court found distinguishable in its Order and Reasons, provides a different result based on analogous factual scenarios.[26] At its core, LAILD's argument is a disagreement "on

---

[24] *Aparicio v. Swan Lake*, 643 F.2d 1109, 1110 n.2 (5th Cir. 1981)(emphasis added).
[25] *Gulf Coast Facilities Management, LLC v. BG LNG Services, LLC*, 730 F.Supp.2d 552, 565–66 (E.D. La. Aug. 2, 2010)(Feldman, J.)(citation modified).
[26] *See* R. Doc. 113-1.

applicable precedent[,]" which "does not qualify the issue as one over there is substantial disagreement."[27] Thus, the Court finds that LAILD has failed to satisfy the second element of § 1292(b).

As to the third element, whether an interlocutory appeal may advance the termination of the litigation, a "key concern is whether permitting an interlocutory appeal will speed up the litigation[,]" as "the institutional efficiency of the federal court system is among the chief concerns motivating § 1292(b)."[28] "For example, if a case is nearly ready for trial, an interlocutory appeal is generally not proper, as delaying such a case would actually hamper its progress towards termination."[29]

Here, LAILD contends that "[a]bsent interlocutory review, the parties will be required to proceed through further litigation based on a constitutional determination that may later be reversed on appeal, resulting in wasted judicial and party resources."[30] But this is true in every case at the district court level. If the Court accepted that argument, interlocutory review would be available in almost any matter, thereby contravening the "strong judicial policy disfavoring piecemeal appeals."[31] Additionally, the above-captioned matter has been pending since September 20, 2024, and trial is currently set for November 16, 2026.[32] Liability has been determined, and the three-day jury trial solely pertains to the determination of damages, if any.[33] This matter is therefore "nearly ready for trial[,]" and the Court

---

[27] *Gulf Coast Facilities Management, LLC*, 730 F.Supp.2d at 566.

[28] *Ryan v. Floweserve Corp.*, 444 F. Supp. 2d 718, 723 (N.D. Tex. June 9, 2006)(citation modified).

[29] *Scott*, 2017 WL 1364219, at *5.

[30] R. Doc. 113-1 at p. 4.

[31] *Complaint of L.L.P.&D Marine, Inc.*, 1998 WL 113937, at *2 (citing *Clark-Dietz*, 702 F.2d at 69).

[32] *See* R. Docs. 1 and 118.

[33] *See* R. Doc. 106.

finds that certification of an interlocutory appeal would not materially advance the ultimate termination of the litigation.[34]

Indeed, an appeal to the Fifth Circuit at this point would actually delay termination of the litigation.  Damages are the only matters to be resolved at trial, which will conclude in November. Certifying an interlocutory appeal will result in a delay while the Fifth Circuit undertakes its review. Accordingly, because the Court has found that LAILD has failed to satisfy the second and third elements of § 1292(b), the Court need not address the first element – whether the Order and Reasons involves a controlling question of law.

In sum, interlocutory appeals are typically disfavored,[35] and the certification of an order for an interlocutory appeal falls squarely within the district court's sound discretion.[36] Exercising this discretion, the Court determines that, based on the absence of a substantial ground for difference of opinion and because an interlocutory appeal will not advance the ultimate termination the litigation, this is not one of those "exceptional circumstances justify[ing] a departure from the basic policy of postponing appellate review until after the entry of a final judgment."[37] The Motion is denied.

## IV.    CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that LAILD's Motion

---

[34] *Scott*, 2017 WL 1364219, at *5.

[35] *See Allen v. Okam Holdings, Inc.*, 116 F.3d 153, 154 (5th Cir. 1997)("Interlocutory appeals are generally disfavored, and statutes permitting them must be strictly construed.").

[36] *Complaint of L.L.P.&D Marine, Inc.*, 1998 WL 113937 at *2.

[37] *Silverthorne Seismic, L.L.C. v. Sterling Seismic Services, Limited*, 125 F.4th 593, 601–02 (5th Cir. 2025)(citation modified).

to Certify Interlocutory Appeal Pursuant to 28 U.S.C. 1292(b) is **DENIED.**

New Orleans, Louisiana, June 8, 2026.

**WENDY B. VITTER**
**United States District Judge**