**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **CMP, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-2298** |
| **BOARD OF COMMISSIONERS FOR THE LAFITTE AREA INDEPENDENT LEVEE DISTRICT** | **SECTION: D (1)** |

**ORDER AND REASONS**

Before the Court is a Motion in *Limine* filed by Defendant Board of Commissioners for the Lafitte Area Independent Levee District ("Defendant").[1] Plaintiff CMP, LLC ("Plaintiff") opposes the Motion.[2] After a careful review of the parties' memoranda, the record, and the applicable law, the Motion is **GRANTED in part**, **DENIED in part, and DEFERRED in part**.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case arises from Defendant's actions to raise an existing levee located on Plaintiff's land in Jefferson Parish, Louisiana, prior to passing an appropriating resolution.[3] On January 22, 2026, the Court issued an Order and Reasons holding that Defendant engaged in partial taking through its activities on Plaintiff's land and that Plaintiff is entitled to a judgment of liability for a constitutional partial taking under both the United States and Louisiana constitutions.[4]

---

[1] R. Doc. 129.
[2] R. Doc. 133.
[3] R. Doc. 1.
[4] R. Doc. 106.

On November 11, 2026 Defendant filed the instant Motion, asking the Court to exclude certain trial exhibits sought to be offered by the Plaintiff.[5] The Defendant asks the Court to exclude: 1) a conceptual plan of an RV park ("RV Plan") (CMP 000436), an estuary rendering (CMP 000437), eco-tourism documents (CMP 000376-414), and photographs (CMP 00415-435), arguing that the exhibits involve speculative uses of the property and are irrelevant; 2) a purported printout from the Defendant's website (CMP 000032-35), arguing that the printout is hearsay and irrelevant; 3) agreements for the harvest of alligator eggs (CMP 000187-193) and a surface lease for hunting waterfowl (CMP 000059-65), arguing that agreements have expired, did not establish a revenue stream, and are speculative and irrelevant; 4) a RCL highlighted contours map (CMP 000184), arguing that the map is irrelevant; 5) the Richard C. Lampert Report (CMP 000185-186) and any testimony that seeks to rely on the report, arguing that Mr. Lambert was not identified as an expert or a witness and that Plaintiff's proposed experts take the information from the report as fact "without doing any due diligence whatsoever to determine the veracity of the information;" 6) emails between the Plaintiff and town of Jean Lafitte (CMP 000207-208), arguing that the emails are irrelevant; and 7) "[a]ny documents attached to the expert report of Baldwin Justice, Fred Fellner or Malcom Guidry," arguing that Plaintiff has failed to identify which documents it seeks to admit.[6]

---

[5] R. Doc. 129.
[6] *Id.*

Plaintiff filed a Memorandum in Opposition to Defendant's Motion in Limine[7] in which Plaintiff argues that it seeks to admit the RV plan, estuary rendering, eco-tourism documents, photographs, and alligator harvest agreements to establish the "highest and best uses for the property," not to establish lost profits.[8] Plaintiff then argues that it seeks to admit the emails between the Plaintiff and the town of Jean Lafitte to establish evidence of why the property has not been developed.[9] Plaintiff next argues that its expert reasonably relied on the calculations provided in the Richard Lambert Report. Finally, Plaintiff argues that the photographs and documents from Plaintiff's expert reports are clearly admissible and the Defendant "has failed to cite any applicable, controlling law to support their exclusion."

## II. LEGAL STANDARD

According to the Fifth Circuit, the purpose of a motion in limine is to prohibit opposing counsel "from mentioning the existence of, alluding to, or offering evidence on matters so highly prejudicial to the moving party that a timely motion to strike or an instruction by the court to the jury to disregard the offending matter cannot overcome its prejudicial influence on the jurors' minds."[10] Under Federal Rule of Evidence 401, evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence, or if the fact it seeks to prove is of consequence in determining the action.[11]

---

[7] R. Doc. 133.
[8] *Id.* at p. 1.
[9] *Id.* at pp 2-3.
[10] *O'Rear v. Fruehauf Corp.*, 554 F.2d 1304, 1306 n.1 (5th Cir. 1977) (quotation and internal quotation marks omitted).
[11] Fed. R. Evid. 401.

While all relevant evidence is admissible, the Court may exclude relevant evidence if its probative value is substantially outweighed by danger of "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."[12] However, the Fifth Circuit has held that, "[t]he exclusion of evidence under Rule 403 should occur only sparingly."[13] Additionally, "[r]elevant evidence is inherently prejudicial; but it is only unfair prejudice, substantially outweighing probative value, which permits exclusion of relevant matter under Rule 403."[14] An order in limine excludes only clearly inadmissible evidence; therefore evidence should not be excluded before trial unless it is clearly inadmissible on all potential grounds."[15] Instead, "[i]f the evidence is not clearly inadmissible on all grounds, it is better for the court to decline to rule in advance of trial so that it will have the opportunity to resolve issues in context.[16]

## III. ANALYSIS

In the instant Motion, the Defendant asks the Court to exclude several of the Plaintiffs trial exhibits. The Court considers the arguments regarding exclusion of the exhibits in turn.

### *i. RV Plan (CMP 000436), Estuary Rendering (CMP 000437), Eco-Tourism Documents (CMP 000376-414), Photographs (CMP 000415-435)*

---

[12] Fed. R. Evid. 403.
[13] *United States v. Pace*, 10 F.3d 1106, 1115-16 (5th Cir. 1993); *See United States v. Powers*, 168 F.3d 741, 749 (5th Cir. 1999) (same).
[14] *Pace*, 10 F.3d at 1115-16 (quotation omitted).
[15] *Auenson v. Lewis*, No. 94-2734, 1996 WL 457258, at *1 (E.D. La. Aug. 12, 1996).
[16] *Hardy v. Scandinavian Airlines Sys.*, No. 21-1591, 2025 WL 1732837, at *2 (E.D. La. June 23, 2025).

Defendant argues that the RV plan, estuary rendering, eco-tourism documents, and eco-tourism photographs constitute "concept" business plans or unrealized uses for the property.[17] Defendant argues that such exhibits amount to nothing more than speculative business uses and should be excluded at trial under Fed. R. Evid. 401 because the exhibits are irrelevant and under Fed. R. Evid. 403 because the exhibits would cause "unfair prejudice, confuse the issues, mislead the jury, and waste time."[18] Defendant also argues that some of the exhibits lack foundation and are hearsay.[19] Plaintiff counters that it is seeking to admit the evidence to establish the highest and best uses for the property, and the exhibits are relevant and not unduly prejudicial.[20]

As pointed out by Plaintiff in Opposition, "[O]nce the landowner has produced credible evidence that a potential use is reasonably practicable and reasonably probable within the near future, it is for the jury . . . to decide whether the property's suitability for this use enhances its market value and, if so, by how much."[21] Plaintiff bears the burden to establish that a potential use is reasonably practicable and reasonably probably within the near future. As such, the proposed exhibits may be relevant for Plaintiff to meet its burden. Under Fed. R. Evid. 401, evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence, or if the fact it seeks to prove is of consequence in determining the

[17] R. Doc. 129-1 at p. 1.
[18] *Id.* at pp. 2-3.
[19] *Id.* at p. 3.
[20] R. Doc. 133 at p. 1.
[21] *U.S v. 320.0 Acres of Land, More or Less in Monroe, Cnty., State of Fla.*, 605 F.2d 762, 817 (5th Cir. 1979)

action.[22] Here, the concept designs are relevant to the best use of the property, and the Court declines to exclude the evidence under Fed. R. Evid. 401.

Under Fed. R. Evid. 403, the Court may exclude relevant evidence if its probative value is substantially outweighed by danger of "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."[23] However, the Fifth Circuit has held that, "[t]he exclusion of evidence under Rule 403 should occur only sparingly."[24] Additionally, "[r]elevant evidence is inherently prejudicial; but it is only unfair prejudice, substantially outweighing probative value, which permits exclusion of relevant matter under Rule 403."[25] At this juncture pretrial, the Court finds the Defendant has failed to show that the probative value of the evidence is outweighed by unfair prejudice. The Court notes that the Defendant remains free to cross the witness on both the age of the business plans and how far along in the planning process the plans went before being abandoned or put on hiatus.

Defendant also argues that some of the evidence lacks foundation and is subject to hearsay.[26] The Court declines to rule on these matters in advance of trial without the opportunity to resolve the questions of foundation, relevance, and any potential prejudice in context.[27] The Court will rule on the admissibility of exhibits within the context of trial after hearing from the parties.

---

[22] Fed. R. Evid. 401.
[23] Fed. R. Evid. 403.
[24] *United States v. Pace*, 10 F.3d 1106, 1115-16 (5th Cir. 1993); *See United States v. Powers*, 168 F.3d 741, 749 (5th Cir. 1999) (same).
[25] *Pace*, 10 F.3d at 1115-16 (quotation omitted).
[26] R. Doc. 129-1 at p. 3.
[27] *Rivera v. Robinson*, 464 F. Supp. 3d 847, 853 (E.D. La. 2020).

*ii. Purported Printout from The Defendant's Website (CMP 000032-35)*

The Defendant argues that the purported printout from its website should be excluded because the printout has not been authenticated, is subject to hearsay and, is irrelevant to the issues before the jury.[28] The Plaintiff does not address the printout in its Opposition.[29] The Court, therefore, finds that Defendant's request to exclude the purported printout from its website is unopposed and that exclusion of the printout is appropriate.

*iii. Agreements for Harvest of Allegator Eggs (CMP 000187-193) and Surface Lease for Hunting Waterfowl (CMP 000059-65)*

Defendant argues that the agreements related to the harvest of allegator eggs and the surface lease for the hunting of waterfowl have expired and no revenue stream was ever established from the agreements.[30] Thus, Defendant argues the exhibits should be excluded under Fed. R. Evid. 401 and 403.[31] Plaintiff argues that it seeks to admit the allegator harvest agreements to establish the highest and best uses for the property, not to establish lost profits.[32] For the same reasons discussed in Section III.i, the Court finds that the agreements are relevant as to the best use of the property and that the Defendant has failed to show that the probative value of the evidence is outweighed by unfair prejudice. The Court again emphasizes that the Defendant remains free to cross the witness on when the agreements ended and the failure of the agreements to produce a revenue stream. In addition, admission of the

[28] R. Doc. 129-1 at p. 4.
[29] R. Doc. 133.
[30] R. Doc. 129-1 at p. 4.
[31] *Id.* at pp. 4-5.
[32] R. Doc. 133 at p. 1.

exhibit remains contingent on Plaintiff's ability to lay a proper foundation and survive contemporaneous objections during the trial as well as the Court's determination whether Rule 403 warrants exclusion.

The Plaintiff does not address the surface lease for hunting waterfowl exhibit in its Opposition. While acknowledging that Defendant's request to exclude the surface lease for hunting waterfowl is unopposed, the Court defers ruling on it until Plaintiff attempts to introduce it at trial so that the Court can have a full understanding of the timing of the purported lease.

*iv. RCL Highlighted Contours Map (CMP 000184)*

The Defendant argues that the RCL highlighted contours map is "irrelevant as it deals with contour and drainage and is not related to damages or the issues remaining in this matter."[33] The Plaintiff does not address the RCL highlighted contours map in its Opposition.[34] The Court, therefore, finds that Defendant's request to exclude the RCL highlighted contours map is unopposed and that exclusion is appropriate for reasons stated in Defendant's Motion.

*v. Richard C. Lambert Report and Assessment (CMP 000185-186)*

The Defendant argues that the Richard C. Lambert report and assessment should be excluded because Mr. Lambert was not properly disclosed as an expert.[35] The Defendant also argues that any reliance on the document by any identified expert should also be excluded under Fed. R. Evid. 403 because the Plaintiff's expert,

[33] R. Doc. 129-1 at p. 5.
[34] R. Doc. 133 at p. 1-4.
[35] R. Doc. 129-1 at p. 5.

Baldwin Justice, "relies on the document in his report . . . without doing any due diligence whatsoever to determine the veracity of the information."[36] The Plaintiff resists this argument and advises that Richard Lambert is a construction engineer who performed a simple calculation to determine how much it would cost to build the existing container road upon which the Defendant eventually placed the levee.[37] Plaintiff states that the Defendant "realized substantial savings for which [the Plaintiff] should be compensated."[38] Plaintiff argues that their expert, Baldwin Justice, reasonably relied upon the Lambert calculations as permitted under Fed. R. Evid. 703.[39]

The Plaintiff does not appear to dispute that the actual report itself is inadmissible.[40] Thus, the Court holds that the Richard C. Lambert report is excluded.

Under Fed. R. Evid. 703, "[a]n expert can rely on otherwise inadmissible evidence as long as it is of a type 'reasonably relied upon by experts in a particular field.'"[41] Under Fifth Circuit precedent, the trial court should defer to the expert's opinion of what data experts in the particular field find reasonably reliable.[42] Defendant argues that Plaintiff's expert does not reasonably rely on the Lambert

---

[36] *Id.* at p. 7.
[37] R. Doc. 133 at p. 3.
[38] *Id.* While the Court does not rule on the admissibility of such evidence at this juncture pretrial, the Court reminds the parties that the issue in this case is just compensation, "the difference between the fair market value of the land as a whole with and without the burden,"[38] and whether an award of punitive damages is appropriate. The jury will not be charged with determining any benefits the Defendant may have incurred.
[39] *Id.*
[40] *Id.* at pp. 3-5.
[41] *Smith v. DG Louisiana, LLC*, 499 F. Supp. 3d 280, 286 (M.D. La. 2020) (quoting Fed. R. Evid. 703).
[42] *Peteet v. Dow Chemical Co.*, 866 F.2d 1428, 1432 (5th Cir. 1989).

Report, and thus reliance on the report should be excluded under Fed. R. Evid. 403.[43] Defendant gives no reason for why the expert's reliance on report is unreasonable, except to say that that the expert did not do his "due diligence" to determine the veracity of the information.[44] Considering, the deference given to expert in determining what data can be reasonably relied on, the Court finds this is not enough to exclude the expert from relying on the report. Importantly, to the extent that Defendant argues that Plaintiff's expert failed to do his "due diligence," the Defendant may elicit such issues out in cross-examination.

*vi. Emails Between Plaintiff and Town of Jean Lafitte*

Defendant contends that the emails Between Plaintiff and the town of Jean Lafitte pertain to electrical issues on the property that have nothing to do with the Defendant, and the emails should be excluded as irrelevant.[45] Plaintiff argues that the emails are evidence of the Defendant's failure to cooperate with CMP and provides further evidence for "why nothing happened on the property for years."[46] Although not entirely clear, Defendant seems to assert that the town of Jean Lafitte is a separate entity from the Levee Board and therefore, the communications between the Plaintiff and the Town of Jean Lafitte about an unrelated electrical issue on the property are not relevant to the Defendant's actions. The Court need not determine whether Plaintiff can lay the proper foundation for these emails between a separate entity other than Defendant for the reason set forth below.

---

[43] R. Doc. 129-1 at pp. 5-7.
[44] *Id.* at p. 7.
[45] *Id.* at pp. 7-8.
[46] R. Doc. 133 at pp. 2-3.

Plaintiff argues the emails provide evidence of why the property was not developed for several years.[47] The Court finds that the reasons for why a property was not developed could potentially be relevant to the value of the property, which is at issue in this case. However, the Court finds that the probative value of this evidence is substantially outweighed by its prejudicial effect. The Plaintiff is not prohibited from testifying to electrical issues and how such issues may have prevented development of the property during trial. The issue before the Court is admissibility of emails with an entity other than the Defendant. Since Plaintiff can testify to the electrical issue he may have encountered with the property, the probative value of showing the emails to the jury is very minimal. In comparison, there is a strong risk of jury confusion if the emails are admitted because the jury may conflate the town of Jean Lafitte with the Defendant. The emails also contain unduly prejudicial language including the following statement, "the local electrician that I hired mentioned that in his 15 plus year career in the Lafitte area he has never experienced what we are experiencing in this process."[48] In addition to this being hearsay, there is substantial risk that the jury will read this language and attribute the town's actions with the Defendant. The Court finds that the minimal probative value of the emails is substantially outweighed by a danger of unfair prejudice, confusing the issues, and misleading the jury and thus exclusion of the emails under Fed. R. Evid. 403 is appropriate.

---

[47] R. Doc. 133 at p. 3.
[48] CMP 000207-208.

*vii. Any Documents Attached to the Expert Report of Baldwin Justice, Fred Fellner, or Malcolm Guidry*

Defendant claims that Plaintiff has failed to identify what documents it seeks to have admitted from its expert reports, and, therefore, any documents attached to the expert reports of the Plaintiff should be excluded.[49] Plaintiff argues that photographs and diagrams in the expert reports are clearly admissible and the experts themselves will be present at the trial to lay foundation and authenticate the work.[50]

The Court notes that the parties were required to provide an exhibit list to the Court on November 6, 2026.[51] Both parties are precluded from admitting documents that were not included on that exhibit list for non-impeachment purposes. However, if the Plaintiff included diagrams and documents from their expert reports in the exhibit list, the Court finds that the Defendant did have notice of the documents, both through the documents' inclusion in the Plaintiff's expert reports, provided to the Defendant by August 27, 2025,[52] and their inclusion in the exhibit list, provided to the Court on November 6, 2026.[53] Thus the Court declines to categorically exclude all documents from the Plaintiff's expert reports. In its Motion, the Defendant argues that some of the attachments to the reports contain speculative information and are prejudicial. The Court defers ruling on the admissibility of the expert report attachments until trial.

---

[49] R. Doc. 129 at p. 8.
[50] R. Doc. 133 at p. 5.
[51] R. Doc. 126.
[52] R. Doc. 39.
[53] R. Doc. 126.

## IV. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the Motion in *Limine* to Exclude Plaintiff's Cumulative Expert Witnesses[54] is **Granted in Part, Denied in Part, and Deferred in Part.**

New Orleans, Louisiana, November 16, 2026.

**WENDY B. VITTER**
**United States District Judge**

[54] R. Doc. 129.